IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>MICHAEL ERNEST CLINE,<br><br>   Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO SEVER AND EXCLUDING TIME<br><br><br><br>Case No. 2:06-CR-708 TS |

    Defendant seeks to sever and have separate trials on the six Hobbs Act robbery counts added by the Superceding Indictment to the original count of Bank Robbery.

    Defendant first contends that the counts were improperly joined under Fed. R. Crim. P. 8(a) because there are no common victims, accomplices, purpose, or modus operandi. The governments contends that the evidence will show the events are strikingly similar, evidencing a common modus operandi.

    Rule 8(a) permits joinder of offenses "if the offenses charged . . . are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common plan or scheme.

    The parties dispute whether the incidents have a similar character—Defendant

1

highlighting the differences and the government providing a chart highlighting the similarities. The Court finds that the counts are of the same or similar character. They have many characteristics in common, most notably the common disguise worn by the suspect. All but the last were robberies of fast food places. The counts are in temporal proximity–all within 5 weeks. The government proffers that its witness will testify that Defendant decided to expand his prior scheme to cover a bank, tying the character of the bank robbery to the earlier robberies of the fast food outlets. Accordingly, the Court finds that the counts are properly joined.

Defendant next contends that he is prejudiced by the joinder because the jury may use the evidence from some counts to infer he is guilty on all seven. He also contends that joinder does not promote judicial economy because there are different witnesses for each count.

"If the joinder of offenses, . . . in an indictment, . . . appears to prejudice a defendant . . . the court may order separate trials of counts."[1]

> The defendant bears a heavy burden of showing real prejudice from the joinder of the two counts. When joinder of offenses is based upon their "same or similar character," the prejudice to the defendant is more likely since proof of one crime may tend to corroborate the commission of the other crime in violation of the evidentiary rules against evidence of a general criminal disposition or propensity to commit crime. Particularly since economizing judicial resources is not of great significance when the offenses were on different dates with different witness.[2]

---

[1] Fed. R. Crim. P. 14(a).

[2] *United States v. Muniz,* 1 F.3d 1018, 1023 (10th Cir. 1993) (Citing 8 James W. Moore, Moore's Federal Practice ¶ 14.03[1] (2d ed. 1991)) (other citation omitted).

In this case, as in *Muniz*, each count is separate and distinct, "took place on different dates at different locations, and [involves] different witnesses and evidence."[3]  As Defendant points out, the counts also involve dissimilarities.  The Court finds that these dissimilarities are sufficient to avoid confusion.[4]  Further, Defendant does not contend that he wishes to testify on some counts and not others.[5]

The Court finds that continuance of the trial from August 20, 2007 to September 10, 2007 was necessary to ensure continuity of counsel and the failure to continue the hearing would have denied counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

It is therefore

ORDERED that Defendant's Motion to Sever (Docket No. 34) is DENIED.  It is further

---

[3] *Id.*

[4] *United States v. Nafkha,* No. 96-4130, 1998 WL 45492, *5 (February 5, 1998) (finding joinder was not error where there were sufficient dissimilarites to avoid risk of confusion although three of the robbed locations had the same name and the robbers were dressed the same in each instance).

[5] *See United States v. Martin*, 18 F.3d 1515, 1518-19 (10th Cir. 1994) (explaining showing necessary to obtain severance by a defendant "who wishes to remain silent on some counts and testify on other counts.").

ORDERED that the time from August 20, 2007 through the date of the new trial is excluded from the computation of the Speedy Trial Act time pursuant to 18 U.S.C. § 3161(h)(8).

DATED  August 10, 2007.

                          BY THE COURT:

                          _____
                          TED STEWART
                          United States District Judge