IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MICHAEL EARNEST CLINE,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION IN LIMINE<br><br><br><br>Case No. 2:06-CR-708 TS |

Defendant seeks to exclude the identification testimony of sixteen witnesses on the ground that the photo lineups were unduly suggestive. The government opposes the Motion on the ground that the photo lineups were not unduly suggestive and that the identifications are reliable independent of any impermissible suggestion.

Defendant is charged with seven counts of robbery. The identical photo lineup was shown to fifteen eyewitnesses for six of the Counts.[1] The photos were generated from a Salt Lake County jail database which selects persons of like description for comparison. In those photo lineups, each of the six photos was altered to show the person covered up

---

[1] There is not information that a photo lineup was used for identification with a witness for Count 3.

to the neck with black—as if he were wearing a black turtleneck. The necks were covered in black because the suspect was described by some witnesses as having a visible neck tattoo. For count 6, based on the September 5, 2006 Subway robbery, the same photo array was used, but one of the witnesses was shown a copy without the black covering of the neck areas and another witness was shown the copy with the black covering. According to Defendant, during this robbery "the suspect had his hoodie sweatshirt pulled over his head and tightened around his face,"[2] and there is no mention of tattoos in Defendant's summary of these witnesses descriptions. In the copy of the photo lineup without the black covering, it is not possible to determine if any neck tattoo would have been visible in the original shown to the witness. From the poor copy available, it appears that in Defendant's photo, like several of the other photos, the neck area is in a shadow.[3]

> In order to prevail on a claim of an unduly suggestive photographic lineup, a defendant has the initial burden of proving that the identification procedure was impermissibly suggestive. It is only after the defendant meets this burden that the burden shifts to the government to prove that the identification was reliable independent of the suggestive procedure. It is only necessary to reach the second element of the inquiry if the court first determines that the array was impermissibly suggestive.[4]
>
> In the first stage of our analysis, a number of factors may be relevant in determining whether the array was improperly suggestive. These include "the

---

[2]Def.'s Mem. at 9.

[3]If the evidence at trial shows that a tattoo is visible in this copy of the photo lineup, Defendant may revisit the issue of the admissibility of that eyewitness' testimony.

[4]*English v. Cody,* 241 F.3d 1279, 1282-83 (10th Cir. 2001) (citing *United States v. Wade*, 388 U.S. 218, 240 n.31(1967) and *United States v. Sanchez*, 24 F.3d 1259, 1261-62 (10th Cir. 1994)).

size of the array, the manner of its presentation by the officers, and the details of the photographs themselves."[5]

[U]sing as few as six photos in an array, while not per se a due process violation, is a factor affecting the weight we give to the irregularities in the array. . . . [W]hen a relatively low number of photographs are used in an array, minor differences such as background color can make a picture stand out, and can act to repeatedly draw a witness's eyes to that picture. . . . The lower the number of photographs used by officers in a photo array, the closer the array must be scrutinized for suggestive irregularities.[6]

Defendant first contends that the photo array is unduly suggestive "given the description of the suspect versus the foils presented in the photo array."[7] In support, Defendant cites the Reports of Associate Professor of Psychology, Dr. David Dodd, and his mock witness test recounted therein.

The Court has reviewed the color copy of the photo array and finds that it does not appear to contain any irregularities. The pictures have the same general background and coloring, and the individuals shown in the pictures have similar builds and features. The Court further finds that the test by Dr. Dodd is not relevant. Dr. Dodd's test involved test subjects who were given a description of a suspect, without personally seeing the suspect. Based solely on that stated description, the test subjects then choose the photo in the photo lineup that most matched the provided description. The situation with the eyewitnesses in this case is entirely different. In the present case each eyewitness actually personally observed the suspect. Their identification was based upon their own personal

---

[5]*United States v. Wiseman*, 172 F.3d 1196, 1208 (10th Cir. 1999) (quoting *Sanchez*, 24 F.3d at 1262-63).

[6]*Id.* at 1209 (quoting *Sanchez*, 24 F.3d at 1262-63).

[7]Def.'s Mem. at 4, 8.

observation of the suspect. Their identification did not involve a description provided by another.

Defendant objects to the identification of one witness to the August 17, 2006 Taco Bell robbery on the basis that the witness "changed her mind after commenting about the tattoos."[8] However, that witness viewed the copy of the photo lineup with the necks blackened and therefore none of the photos could have had a visible tattoo. Therefore, there is no showing that the photo lineup was unduly suggestive.

Defendant also contends that the fact that some eyewitnesses remarked that the photo of Defendant looked "most like" the robber[9] makes the photo array unduly suggestive. Such statements go to the weight and credibility of the eyewitness testimony rather than to the issue of the suggestiveness of the photo lineup. Such issues of weight and credibility are appropriately addressed through cross-examination at trial.

Defendant also objects to the testimony of at least one witness[10] based upon Dr. Dodd's report outlining theories of problems of eyewitness identification in general. Again, these are issues appropriately addressed in cross-examination rather than by witness exclusion.

The Court finds that the photo array is not unduly suggestive. Because Defendant has not met his initial burden of proving that the identification procedure was unduly

---

[8] Def.'s Mem. At 3.

[9] *E.g.* Docket No. 54-4, Ex. 3 at 5.

[10] *E.g.* Def.'s Mem. at 5 ¶ 4.

suggestive, the Court need not address the second element of a claim of an unduly suggestive photographic lineup.[11]   It is therefore

ORDERED that Defendant's Motion in Limine to Exclude Eyewitness Identification Testimony (Docket No. 50) is DENIED.

DATED  September 6, 2007.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[11] *English,*  241 F.3d at 1283.